IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHEKEENA CODY,<br><br>   Plaintiff,<br><br>v.<br><br>BENALYTICS CONSULTING GROUP, LLC,<br><br>   Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, Plaintiff Keena Cody ("Ms. Cody" or "Plaintiff), by and through undersigned counsel, and files her Complaint against Defendant Benalytics Consulting Group, LLC ("Benalytics Consulting" or "Defendant") shows this Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for equitable relief, back wages, damages, and reasonable attorney fees for Defendants' violation of her rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 12117.

3.

Defendant does business in this judicial District and Division and has its registered agent for service of process within this District and Division. Additionally, the unlawful employment practices alleged in this Complaint were committed within this District and Division. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this case of action under the ADA. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 25, 2019, and the EEOC issued its Notice of Right to Sue on September 30, 2022.

5.

Plaintiff timely fields this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## **PARTIES**

6.

Plaintiff is a citizen of the United States of America and a resident of the state of New York and consent to the jurisdiction of this court.

7.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Bernard H. Coleman, Jr., at 3350 Riverwood Pkwy, Suite 1900, Atlanta, Georgia.

9.

At all such times, Plaintiff was also an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

10.

Defendant is a covered employer subject to the jurisdiction of Title I of the ADA in accordance with 42 U.S.C. § 12111(5).

11.

During all times relevant hereto, Defendant has employed fifteen (15) or

more employees 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year in 2018 and 2019. Defendant is therefore an "employer" under the ADA in accordance with 42 U.S.C. § 12111(5).

## FACTUAL ALLEGATIONS

12.

Plaintiff began working for Defendant on or about October 28, 2017, as a Call Center Representative and was promoted to Associate Program Manager.

13.

On June 5, 2019, Plaintiff broke several bones in her foot and was required to seek immediate medical care.

14.

The same day, Plaintiff went to Wellstar Atlanta Medical Center where she received medical treatment.

15.

Next day, Plaintiff went to the Emergence Department at Emory Saint Joseph's Hospital. The doctor in the hospital informed Plaintiff that she broken her left foot.

16.

Plaintiff received a doctor's note excusing her from work for June 6, 2019, and stating that she would need follow up care with her primary care physician.

17.

Plaintiff immediately notified Charles Atkins, her supervisor, and Wandra Allen, office manager, about her injury. Plaintiff requested medical leave for June 6, 2019.

18.

On June 7, 2019, Plaintiff returned to work.

19.

Plaintiff continued to experience severe pain of her left foot.

20.

On June 8, 2019, Plaintiff went to OrthoAtlanta, LLC.

21.

The doctor at OrthoAtlanta, LLC informed Plaintiff that she had multiple fractures of her left foot. The doctor recommended to avoid stepping on her foot before the follow up appointment.

22.

Despite her severe pain, Plaintiff had to continue going to work.

23.

When Plaintiff came back to the office, Mr. Atkins made jokes, saying that she would need all types of help and asked how long it would take her to heal.

24.

Mr. Atkins also asked if Plaintiff needed some accommodation. Plaintiff told Mr. Atkins that, if she could work remotely for a couple of weeks, she could avoid putting weight on her foot.

25.

Mr. Atkins rejected her request.

26.

On June 17, 2019, Plaintiff went back to the doctor, who put her injured foot in a cast.

27.

The doctor told Plaintiff that she had to wear the cast for approximately 6-8 weeks while the fractures healed. In addition, Plaintiff had to use crutches to walk and required to avoid putting weight on the foot for a couple of weeks.

28.

Plaintiff again asked Mr. Atkins about possibility to work from home. Mr. Akins refused her request again.

29.

On June 24, 2019, Plaintiff asked Mr. Atkins for medical leave because she had a doctor appointment.

30.

When Plaintiff returned to work, Mr. Atkins and Ms. Allen came to her and informed her that she was terminated. They told Plaintiff to pack her things and leave the office immediately.

31.

Neither Mr. Atkins nor Ms. Allen provided Plaintiff any explanation of her termination.

32.

Plaintiff left the office to avoid being escorted.

33.

On or about June 25, 2019, Plaintiff received a termination letter that also did not include any reasons of termination.

34.

Defendant subsequently claimed that it terminated Plaintiff in a reduction in force.   Thus, Defendant's justification for firing Plaintiff was a pretext.

35.

Defendant promoted Lea Ogletree to Associate Program Manager, to replace Plaintiff. In addition, Defendant allowed Ms. Ogletree to work remotely.

36.

During her employment, Plaintiff performed her duties satisfactorily.

37.

Defendant refused to provide Plaintiff with a reasonable accommodation even though to do so was not unduly burdensome.

38.

Similarly situated employees without known disabilities were permitted to work remotely.

39.

Defendant failed to engage in any interactive process with Plaintiff regarding her request for reasonable accommodation of her disability, and instead terminated her employment.

40.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

41.

Defendant terminated Plaintiff because of her disability and/or because it regarded her as disabled.

42.

Others outside the Plaintiff's protected class were treated more favorably than Plaintiff.

## **CLAIMS FOR RELIEF**

## **COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF ADA**

43.

Plaintiff re-alleges paragraphs 12-42 as if set forth fully herein.

44.

Plaintiff had a physical impairment, which limited one or more major life activities, including but not limited to walking, running, and working.

45.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

46.

Defendant was aware of Plaintiff's disability.

47.

Defendant regarded Plaintiff as having a disability in that it terminated her employment because of her impairment, such that she is a person with a disability within the meaning of the ADA, as amended.

48.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

49.

Defendant terminated Plaintiff's employment because of her disability and requests for accommodation for the same and/or her perceived disability.

50.

Defendant terminated Plaintiff's employment shortly after Plaintiff requested and used medical leave as a result of her physical impairment.

51.

By terminating Plaintiff's employment because of her disability, because of her request for accommodations, and/or because of her perceived disability, Defendant violated the ADA, as amended.

52.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

53.

Defendant treated other employees outside Plaintiff's protected class more favorably.

54.

Defendant's actions in subjecting Plaintiff to less favorable terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq., 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981A.

55.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

56.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected her status as an employee because of her disability.

57.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

58.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

59.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

60.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

61.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT II: FAILURE TO ACCOMMODATE IN VIOLATION OF ADA

62.

Plaintiff re-alleges paragraphs 12-42 as if set forth fully herein.

63.

Plaintiff had a physical impairment at the time of her termination, which limited one or more major life activities, including but not limited to walking, running, and working.

64.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

65.

Defendant was aware of Plaintiff's disability.

66.

At all times relevant to this action, Plaintiff was a qualified individual with a known disability as defined in the ADA.

67.

Plaintiff was able to perform the essential functions of her job with or without a reasonable accommodation.

68.

Plaintiff requested that Defendant accommodate her disability by allowing her to work remotely.

69.

Upon receiving Plaintiff's requests for an accommodation, Defendant failed to engage in any interactive process with Plaintiff regarding her request for a reasonable accommodation of her disability.

70.

Defendant refused to provide Plaintiff with reasonable accommodations, even though to do so would not impose an undue hardship.

71.

By refusing to accommodate Plaintiff, Defendant violated the ADA, as amended.

72.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's failure to accommodate Plaintiff's disability was undertaken in bad faith.

73.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected her compensation, emotional and physical well-being, and her status as an employee because of her disability.

74.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

75.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

76.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

77.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

78.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## **COUNT III: ADA – PERCEPTION - DISABILITY**

79.

Plaintiff re-alleges paragraphs 12-42 as if set forth fully herein.

80.

At the time of her termination, Plaintiff was a person with a physical impairment that substantially restricted her as compared to the average person in the general population.

81.

But for Defendant's perception of Plaintiff having a disability, Defendant would have retained Plaintiff in her position.

82.

In terminating Plaintiff because it regarded Plaintiff as an individual with a disability, Defendants violated the ADA.

83.

Because of Defendants' violation of the ADA, Plaintiff has been damaged suffering loss of pay, benefits, and physical and mental anguish.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Special damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment and post judgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)     All other relief to which Plaintiff may be entitled.

Respectfully submitted the 8th day of November, 2022.

**BARRETT & FARAHANY**

s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110

*Attorney for Plaintiff Keena Cody*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
matt@justiceatwork.com